IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| PHYLLIS I. SOPER,<br><br>        Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1] Commissioner,<br>Social Security Administration,<br><br>        Respondent. | Case No. CV 06-146-S-MHW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## Introduction

Currently before the Court for its consideration is Phyllis I. Soper's ("Petitioner") request for judicial review (Docket No. 1) of the Respondent's denial of social security disability benefits, filed April 13, 2006. Petitioner brought this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g). The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, the administrative record (AR) and has determined that the decision of the Commissioner will be affirmed.

---

[1] Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social Security Administration. Fed. R. Civ. P. 25(d).

**Memorandum Decision and Order - Page 1**

# I.
# Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on November 20, 2003, alleging disability due to depression, reflux disease, and Charcot-Marie-Tooth disease with an alleged onset date of December 17, 1999. Petitioner was insured for disability benefits through December 31, 1999. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) Hayward Reed held a hearing on September 9, 2005, taking testimony from Petitioner and vocational expert Ann Austum. (AR 225–263.) ALJ Reed issued a decision finding Petitioner not disabled on October 27, 2005. (AR 15-21.)

Petitioner filed a timely appeal to the Appeals Council which denied her request for review, making the ALJ's decision the final decision of the Commissioner. (AR 4-6.) Petitioner appealed this final decision to this Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 52 years old. She has a high school equivalent (GED) education and her past relevant work includes commercial cleaner.

# II.
# Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, it must be determined whether the claimant is engaged in substantially gainful activity. At step two, it must be determined whether claimant suffers from a severe impairment. Step three asks whether a claimant's impairments meet or equal a listed impairment. At steps two and three, the

**Memorandum Decision and Order - Page 2**

impairment must also meet the duration requirement, which directs that the impairment must have lasted, or be expected to last, for a continuous period of at least twelve months. *See* 20 C.F.R. § 404.1509. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.

At step one, the ALJ found that Petitioner had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that the Petitioner's impairment(s) did not meet the duration requirement and therefore she was not disabled. Having found Petitioner not disabled at step two, the ALJ did not need to proceed to the other steps. The ALJ did note, however, that even if Petitioner could satisfy the duration requirement, she would not meet or equal any medical listing at step three.

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he

not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).   Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an

**Memorandum Decision and Order - Page 4**

ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## IV.
## Discussion

At step two, the ALJ evaluated each impairment that Petitioner attributed her disability to. As to her depression and reflux disease, the ALJ found there was no objective medical evidence to establish that these were medically determinable impairments on or before December 31, 1999, the date she was last insured for disability benefits. (AR 17.) Petitioner does not appear to take objection to these findings. The ALJ next addressed Petitioner's foot problems[2] caused by Charcot-Marie-Tooth disease. He noted that the record demonstrated that Petitioner was first examined for the problem by Dr. Stano on November 10, 1999. (AR 202-204.) She underwent surgery on her feet on December 16, 1999 and received followup treatment through April 2000. (AR 177, 180, 207-210.) The ALJ notes the next examination regarding Petitioner's foot problem was in July 2001 for a muscular dystrophy assessment. (AR 95-96.) Next, the ALJ discussed that the medical record demonstrates that Petitioner did not seek medical attention for her feet and ankles until November of 2003 where Dr. Stano noted a

---

[2] Petitioner's foot problems consist of pain, clumsiness, falling and instability.

**Memorandum Decision and Order - Page 5**

diagnosis of pes cavus and that she was in need of further surgery.[3]  (AR 176.)

Petitioner contends that the ALJ's conclusion that she was not disabled at step two of the sequential process is in error.  Petitioner maintains she submitted uncontradicted evidence that she had nerve dysfunction and deformities in her feet that caused significant pain and made it difficult for her to walk.  Petitioner relies on the Ninth Circuit case *Webb v. Barnhart* which found that"[a]n impairment or combination of impairments may be found not severe only if the evidences establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."  433 F.3d 683, 686 (9th Cir. 2005).  The Ninth Circuit referred to step two as a "de minimis screening device used to dispose of groundless claims."  *Id.* at 687.

Petitioner asserts there is not one piece of evidence that shows a significant improvement in Petitioner's condition to support the ALJ's conclusion that her condition did not last for twelve or more months.  In support of this contention, she points to her testimony that she was "laid up" for 4-5 months after the surgery and that her condition worsened afer the surgery.  She also maintains that the duration requirement is satisfied because the record demonstrates that she began complaining of foot problems in November 1999 and was still complaining of the same problems in November 2003.

The burden is on the Petitioner to prove that she is disabled within the meaning of the Social Security Act, particularly as to steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At step two of the sequential process, it is the ALJ's job to determine whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability

---

[3]  The ALJ notes that Petitioner was offered an opportunity to supplement the record with additional records but that no additional records were submitted nor had Petitioner asked for additional time to submit records.

**Memorandum Decision and Order - Page 6**

to do basic work activities." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). This medically determinable impairment must meet the duration requirement. *Id*. The duration requirement directs that the impairment must have lasted, or be expected to last, for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied. *Id*. *See Iannopollo v. Barnhart*, 280 F. Supp. 2d 41, 46 (W.D.N.Y. 2003) (finding Plaintiff's conditions could not be considered "an impairment because neither satisfies the twelve-month duration requirement.")

The qualifying impairment must begin on or before the date the claimant was last insured. *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000). The impairment must last, or be expected to last, for twelve continuous months. 20 C.F.R. § 404.1509. *See also* SSR 82-52, 1982 WL 31376. No symptom or combination of symptoms can constitute a medically determinable impairment. SSR 96-4p, 1996 WL 374187. There must be medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. *Id*. In this case, Petitioner testified that she had been having these symptoms, such as falling down and clumsiness, since she was nine years old and the symptoms had worsened over the years. (AR 233-34.) The medical records submitted demonstrate that Petitioner did not seek treatment for her foot problems until November 1999. (AR 202-03.) She then underwent surgery performed by her treating physician, Dr. Stano, and had some follow-up appointments up until May 2000. (AR 177, 180, 207-10.) In July 2001, she underwent a muscular dystrophy assessment by Dr. Friedman. (AR 95-96.) The record demonstrates that she did not see Dr. Stano again until November 2003 and continued to see him into 2004. (AR 176.)

Petitioner has not shown that she meets the duration requirement at step two and the

**Memorandum Decision and Order - Page 7**

ALJ's decision to find her not disabled is supported by the substantial evidence in the record. Petitioner's reliance on *Webb v. Barnhart* is misplaced. 433 F.3d 683 (9th Cir. 2005). In discussing step two as a "de minimis screening device," the Ninth Circuit was addressing whether an impairment was "medically severe," not whether the duration requirement was satisfied. *Id*. at 687. The record shows that Petitioner received treatment for her foot problems from November 1999 to May 2000. The date she was last insured was December 31, 1999. The medical record does not support a finding that she had a medically determinable impairment that prevented her from substantial gainful activity for twelve continuous months beginning on or before December 31, 1999. Although Petitioner testified that her condition worsened after the surgery, symptom testimony is not enough to support a finding of a medically determinable impairment. *See* 96-4p, 1996 WL 374187. Without medical evidence to support her claim that she had a severe impairment that prevented her from work for twelve continuous months, the duration requirement remains unsatisfied and the ALJ's finding at step two is supported by substantial evidence, not the product of legal error and shall be upheld.

## V.
## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.



DATED: August 24, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge